# Exhibit A

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>Court address:<br>201 La Porte Ave, Suite 100,<br>Ft. Collins, CO 80521 | DATE FILED: April 18, 2024 2:14 PM<br>FILING ID: D40753EB2E046<br>CASE NUMBER: 2024CV30310 |
| **HALLETTE SMYTH,**<br>**Plaintiff**<br><br>v.<br><br>**HOTELENGINE, INC., a foreign corporation,**<br>**Defendant** | ▲COURT USE ONLY▲ |
| **Responsible Attorney:**<br>Kelli Riley, Esq.<br>Riley Law LLC<br>1748 Topaz Drive<br>Loveland, Colorado 80537<br>Phone Number: 970-573-6442<br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br>Division |
| **COMPLAINT** ||

Plaintiff Hallette Smyth (hereafter "Ms. Smyth"), by and through her attorney, Kelli Riley of Riley Law LLC, hereby submits this Complaint against HotelEngine, Inc. (hereafter "HotelEngine"). In support of this complaint, Plaintiff states the following:

## STATEMENT OF THE CASE

1. Plaintiff Hallette Smyth was employed as the National Group Sales Manager for Defendant until she was terminated. Ms. Smyth brings claims for violation of the Equal Pay for Equal Work Act, Equal Pay Act, and Unpaid Wages.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Hallette Smyth, is a citizen of the State of Colorado and at all relevant times was a resident of Larimer County, Colorado.

3. Defendant, HotelEngine, Inc., is a Software Company with its principal place of business located at 950 S. Cherry Street, Ste. 1000, Denver, CO 80246.

4. This Court has jurisdiction over this proceeding pursuant to C.R.S. § 13-1-124.

5. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant employed Plaintiff in this County, and had sufficient contacts with this county, and the action arises out of events or circumstances that occurred in this County.

## FACTS

7. Hallette Smyth was an employee of HotelEngine beginning on September 23, 2021.

8. Ms. Smyth's most recent title was that of a "National Group Sales Manager," which she had performed competently and effectively.

9. In the months leading up to her termination, Ms. Smyth had hit all of her goals for 13 out of 15 months, only missing her goals in June and July of 2023.

10. In May 2022 Ms. Smyth went on maternity leave.

11. While Ms. Smyth was out on maternity leave, Jason Bargar, who was hired in March of 2022, watched over the accounts Ms. Smyth managed.

12. In September 2022, HotelEngine conducted bi-annual reviews. Ms. Symth was told by her then manager Chris Fuller that she exceeded expectations, but since she'd been out for a couple months on maternity leave, was only receiving a "meets expectations" for her company values.

13. After the bi-annual reviews Ms. Smyth was notified, that Mr. Bargar was promoted to Senior Project Manager after only six months at the company, when Ms. Smyth had been there a year. This job was not posted.

14. Shortly after the bi-annual reviews, Chris Fuller was terminated and replaced by Ellis Hugunin.

15. In October 2022, Ms. Smyth voiced her concern to Mr. Hugunin and HR Representative Jocelyn Ruby regarding Mr. Bargar's promotion over her.

16. Mr. Hugunin and Ms. Ruby informed Ms. Smyth that there was nothing that could be done due to Mr. Fuller no longer being with the company.

17. In January 2023, Ms. Symth was also promoted to Senior Project Manager, however, Mr. Bargar was promoted three levels up to Enterprise Project Manager.

18. When Ms. Smyth asked Mr. Hugunin how Mr. Bargar got such a huge promotion, Mr. Hugunin responded with "there was a need."

19. Ms. Smyth felt this was unfair as Mr. Bargar hadn't even been with the company a year, but Ms. Smyth had been there for over a year and was more qualified to fill the need of the company.

20. Approximately around this same time Ms. Smyth was given the "Culture Carrier Award" from the company, which is an award given to those employees that were exceptional in meeting their company values. This was an award only given to 9 individuals out of the 300 employees.

21. In March 2023 during another bi-annual review, Mr. Hugunin gave Ms. Smyth an "exceeds expectations" for her performance, but told her even though she won the award earlier that year she was again only receiving a "met expectations" for her company values.

22. In May 2023, Ms. Smyth met with Dave Roman, Ms. Smyth's then manager, and asked what she needed to do to reach the Senior National Project Manager level. Mr. Roman responded with "keep doing what you're doing."

23. In August 2023, Ms. Smyth did get promoted to Senior National Project Manager.

24. The following month the HotelEngine restructured roles and Ms. Smyth's title was changed to National Group Sales Manager, which was a clear title demotion but no change in pay.

25. Ms. Smyth did work on Enterprise accounts with the Enterprise Account Managers, but was not considered for an Enterprise level role.

26. Since September 2023 Ms. Smyth had inquired multiple times what she needed to do to reach Enterprise Group Sales Manager, and had been told by three different managers to "keep doing what she's doing."

27. In January 2024, Mr. Bargar again received another promotion to Regional Director, which again, was not posted.

28. Despite having met all her goals, being a team leader, and being a champion of initiatives, Ms. Smyth did not receive a promotion.

29. Ms. Smyth set up a meeting with Mr. Hugunin to discuss that she was not feeling supported or valued on the team, and that her then manager Scott Barrie was pointing out everything she did wrong and not acknowledging everything she'd done correctly.

30. Ms. Smyth sought help through her doctor and was diagnosed with situational depression on January 16, 2024.

31. Ms. Smyth expressed to Mr. Hugunin that she had tried to work with Mr. Barrie on multiple occasions, only to be shut down, and that her doctor told her it was causing her situational depression.

32. Mr. Hugunin told Ms. Smyth that he would talk with Mr. Barrie and they would work together on a solution.

33. On February 9, 2024, Ms. Smyth had a meeting with Mr. Hugunin and Mr. Barrie where they told her she'd been with the team for over two years, and it seemed as though she was no longer a good fit, and discussed a reference and severance.

34. Taken aback, Ms. Smyth agreed that the role she was currently in had changed, and suggested her skillset may be better utilized with the product team.

35. On February 19, 2024, Ms. Smyth set up a meeting with Mr. Hugunin to discuss career pathing, outlining that she had reached out to several individuals throughout the company to see if she could be the Project Manager on a project she had discussed with those individuals.

36. Mr. Hugunin told Ms. Smyth that he would reach out to the Product Team in the next 24-48 hours to see what he could do.

37. Ms. Smyth reached out to Mr. Hugunin the following day via email, expressing how excited she was to start pursuing the path forward with the Product Team. She had already lined up two meetings with them that week and wanted to make sure they didn't lose momentum.

38. On February 21, 2024, Mr. Hugunin asked if Ms. Smyth had time for a quick chat, which she replied "yes."

39. Ms. Smyth was added to a call with Mr. Hugunin and Human Resources Representative, Emily Pollet.

40. Mr. Hugunin proceeded to inform Ms. Smyth he had received her email and that the Product Team did not have any need now or in the near future for anyone else, and that her recent negative comments to colleagues was affecting the team and it was time that they part ways.

41. Mr. Hugunin then left the call, leaving Ms. Smyth and Ms. Pollet to discuss the separation process.

42. Despite it being two-thirds through the month, and Ms. Smyth had completed more than two-thirds of the work for her accounts for February, she was not paid the pro rata share of her earned commissions following her termination.

## FIRST CLAIM FOR RELIEF

**(Violation of the Colorado Wage Claim Act as enacted by COMPS #38)**

43. Plaintiff incorporates by reference all the above paragraphs.

44. At all relevant times, HotelEngine, Inc. has been an "employer" within the meaning of the Colorado Wage Claim Act (CWCA).

45. At all relevant times HotelEngine, Inc. employed "employees," including Plaintiff, within the meaning of the CWCA.

46. Plaintiff, Hallette Smyth, was an employee of HotelEngine, Inc. for the relevant time period of September 23, 2021 until February 21, 2024.

47. At the time of the February 21, 2024 employment separation, Ms. Smyth had performed the work required to reach her February goals, but was informed at the time of her termination that her commissions would be prorated.

48. Ms. Smyth was paid, most months, approximately $2,500-3,000 in commissions. Ms. Smyth had met all the metrics in February that she met in every other preceding in which she had earned such bonuses. After her termination she was paid only $625.

49. Plaintiff made a written demand for payment, and HotelEngine did not pay.

50. As a result of the foregoing conduct, as alleged, HotelEngine, Inc. has violated CWCA. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

51. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Equal Pay Act)

52. Plaintiff incorporates by reference all of the above paragraphs.

53. At all relevant times, HotelEngine, Inc. has been an "employer" within the meaning of the Equal Pay Act.

54. At all relevant times, Hotel Engine, Inc. employed "employees," including Plaintiff, within the meaning of the Equal Pay Act.

55. HotelEngine, Inc. made the decision to not pay Ms. Smyth the same wage as her male counterpart(s) performing substantially equal work, violating the Equal Pay Act.

56. Male counterparts performing substantially equal work were paid more than Ms. Smyth from November 2022 to February 2024.

57. As a result of the foregoing conduct, as alleged, HotelEngine, Inc. has violated the Equal Pay Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

58. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Violation of Colorado Equal Pay for Equal Work Act)

59. Plaintiff incorporates by reference all of the above paragraphs.

60. At all relevant times, HotelEngine, Inc. has been an "employer" within the meaning of the CEPEWA.

61. At all relevant times, Hotel Engine, Inc. employed "employees," including Plaintiff, within the meaning of the CEPEWA.

62. HotelEngine, Inc. made the decision to not pay Ms. Smyth the same wage and give her the same titles as her male counterpart(s) performing substantially equal work, nor post opportunities for promotion, violating CEPEWA.

63. Male counterparts performing substantially equal work were paid more than Ms. Smyth from November 2022 to February 2024.

64. As a result of the foregoing conduct, as alleged, HotelEngine, Inc. has violated CEPEWA. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

65. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of her and against Defendants as follows:

A. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

B. Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

C. Awarding Plaintiff pre-judgment, post-judgment and monetary interest as provided by law;

D. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law; and

E. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of April, 2024.

Respectfully submitted,

*/s/Kelli Riley*
Kelli R. Riley, Esq.
Riley Law LLC
1748 Topaz Drive
Loveland, CO 80537
Attorney for Plaintiff